## William H. Boyer, Adm'r, v. William Broffey.

1. INSTRUCTIONS—*That a Preponderance of Evidence is More and Better Evidence, Inaccurate.*—An instruction to the effect that a preponderance of evidence is more and better evidence is inaccurate.

2. EVIDENCE—*What is the Best Evidence is a Question for the Court.*—What is the best or secondary evidence is generally a question of law for the court, and it is misleading to submit it to the jury.

Assumpsit, upon promissory notes. Appeal from the Circuit Court of Fulton County; the Hon. JOHN J. GLENN, Judge presiding. Heard in this court at the November term, 1902. Reversed and remanded. Opinion filed April 30, 1903.

CHIPERFIELD & CHIPERFIELD, attorneys for appellant.

THOMAS & ROBISON, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This suit was by appellant as the administrator of Lucius Wakefield, deceased, upon two promissory notes of $100

each, September 26, 1882, due on that date, with eight per cent interest until paid. To the declaration was pleaded the general issue and the statute of limitations. The trial by jury ended in a verdict for the defendant, upon which the court, after overruling appellant's motion for a new trial, gave its judgment in bar of the action and for costs, awarding an execution for the latter, and to reverse the judgment, the present appeal is brought, and it is argued the verdict is against the weight of the evidence, the court gave wrong instructions, refused proper instructions, and erred in its judgment by awarding an execution for costs.

To remove the bar of the statute of limitations it was proved that appellee gave to deceased, September 23, 1892, two notes for $80 and $79.90 respectively, and that these sums had been indorsed by the deceased on the notes in suit as interest up to the time of the date of the notes so given, and the evidence tended to show that these subsequent notes were for the interest due and indorsed on the principal notes as such, at request of appellee; the latter, however, denied the conversation testified to by two witnesses, who, if correct in their testimony, proved the notes were given for interest, and the indorsements of the principal notes were made at request of appellee. If the evidence is to be regarded as sharply conflicting, although we regard it as preponderating to the side of appellant, the third instruction given for the defendant, requiring a preponderance of evidence to be more and better evidence, is inaccurate and misleading. It is a fulfillment of the rule if the evidence of one side outweighs that of the other, without adding the qualities of bulk and quality as was done by the instruction. What is the best or secondary evidence is generally a question of law for the court, and is misleading to submit it to the jury. The refused instruction, requested by appellant, upon the same subject, is ordinarily proper in cases like this, and we can imagine no good reason for refusing it; indeed, there is none.

The judgment of the Circuit Court will be reversed and the cause remanded for a new trial.